IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**LESTER R. ROBINSON,**

    Plaintiff,

v.                                            Civil Action No. 3:18CV392

**SGT. JONES,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Lester R. Robinson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The action proceeds on Robinson's Second Particularized Complaint ("Complaint," ECF No. 11).[2] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth, the action will be DISMISSED for failure to state a claim.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court corrects the spelling, punctuation, and capitalization in the quotations from Robinson's Complaint.

# I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or

a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ALLEGATIONS

In his Complaint, Robinson provides the following summary of his claims:

> I came from Newport News Jail to Hampton Roads Regional Jail on 2/21/18, I was expecting my legal mailed from Newport News Jail to be forwarded here. At the time, Officer White and Sgt. Jones was handling property. . . . This caused the dysfunctional process of me losing contact with the United States District Court's address. I was so stressed that I lost 30lbs weight from 190 to 160.
> My only theory of this matter is Newport News and Hampton go hand to hand with trying to eliminate and downplay my efforts of relief because of poor untrained staff, colleagues, and officer's conduct.
> My First Amendment was violated from the poor responses and lack of effort to grant me sincere assistance.
> Officer White, I request she send the address a copy photo or the envelope. She rip the corn[er] address that I had as evidence for the petition I had process in

3

Newport News Jail, without my authorization! I requested for my certificates of achievements a copy of them and Sgt Jones said only if I'm going to court. I said yes for my appeal, the[y] refuse to grant my request?

They violated my First, Sixth, and Fourteenth Amendments by not producing the documents I request, and destroying the document I have thus far that I have as proof! Both of the officers didn't know what the[y] was doing and said that they were new in this department of business. I took all the correct efforts and remedies [and] followed on up to now, request complaints and grievances and all was to no avail as if a conspiracy towards me because of the opening pending cases in Newport News.

Even the Assist Superintendent don't know Newport News sent me here?

(Compl. 1–2.)

### III. ANALYSIS

Although the Court has twice directed Robinson to particularize his complaint and provided specific instructions for doing so, Robinson's Complaint fails to state a claim for relief. Robinson fails to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, although Robinson contends that defendants' conduct violates the First, Sixth, and Fourteenth Amendments, he fails to provide any argument other than vague conclusions. Robinson also does not indicate what form of relief he seeks.

As best the Court can discern, Robinson is upset because he did not receive documents from his property when he desired. As far as a delay in receiving property when he was moved between institutions which allegedly caused him to lose the address for the United States District Court, Robinson fails to allege facts that Officer White or Sgt Jones were personally involved in the deprivation of his rights.

Next, Robinson faults Officer White for "rip[ping] the corn[er] address" of his mail "without authorization." (Compl. 2.) Robinson fails to explain, and the Court fails to discern,

4

how ripping the corner of his mail without his permission violates his First, Sixth, or Fourteenth Amendment rights. Accordingly, any claim against Officer White will be DISMISSED.

Finally, Robinson contends that Sgt Jones failed to provide him with his certificates of achievement when he asked for them and seemingly indicated that she would only provide them for a court proceeding. (Compl. 2.) Again, Robinson fails to identify why he needed these documents or how the refusal to provide him with these documents violated his First, Sixth, or Fourteenth Amendment rights. Robinson's vague allegations and conclusory assertions fail to state a claim for relief. Accordingly, any claim against Sgt. Jones will be DISMISSED.

### III. CONCLUSION

Robinson's claims will be DISMISSED for failure to state a claim for relief. The action will be DISMISSED for failure to state a claim. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 19 March 2019
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

5